IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORMA CHRISTINE FORD, as PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT DALE COFFEY, DECEASED Plaintiff. vs. CARING HANDS HEALTH CARE CENTER, INC., DR. DOUGLAS BROWN, JOHN DOES 1-30, UNKNOWN INDIVIDUALS EMPLOYED BY CARING HANDS HEALTH CARE CENTERS, INC. Defendants. | CIV-15-305-KEW |

### UNITED STATES OF AMERICA'S
### MOTION TO DISMISS AND BRIEF IN SUPPORT

**COMES NOW** the United States of America, by and through Mark F. Green, United States Attorney for the Eastern District of Oklahoma and Cheryl R. Triplett, Assistant United States Attorney and submits this Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In support of this motion, defendant states as follows:

### INTRODUCTION

Plaintiff, Norma Christine Ford, claims the healthcare providers at Caring Hands Health Care Center, Inc., including Dr. Douglas Brown were negligent in the care and treatment provided to Robert Dale Coffey. Caring Hands Health Care Center is a healthcare facility deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2012 and that coverage has continued without interruption since that time. (See Motion to Substitute United States of America as Party Defendant and Brief in Support Thereof, attached hereto as Ex. 1) Dr. Douglas Brown has been certified as a government employee acting within the scope of his employment. (Ex. 1, Ex. B) Under the Federal Tort Claims Act ("FTCA"), the only proper defendant is the

United States of America. (28 U.S.C. §§1346(b), 2401(b), 2671-80).

## APPLICABLE LAW AND ARGUMENT

### I. STANDARD OF REVIEW

On a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the trial court takes as true the allegations of fact in the Complaint. See Yoder v. Honeywell, Inc., 104 F.3d 1215, 1224 (10th Cir. 1997). The challenged pleadings are to be construed in light most favorable to the party opposing the motion. Fuller v. Norton, 86 F.3d 1016, 1020 (10th Cir. 1996). The burden of pleading and proving the subject matter jurisdiction of the court is on the plaintiff; if the plaintiff fails to allege facts sufficient to prove subject matter jurisdiction, the motion to dismiss must be granted. McNutt v. General Motors Corp., 298 U.S. 178 (1936).

### II. THIS ACTION MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES

As sovereign, the United States is immune unless it consents to be sued. Lehman v. Nakshian, 453 U.S. 156, 160 (1981). A court's jurisdiction over a suit against the United States is defined by the terms of its consent to be sued. Id. The FTCA, under which Plaintiff must bring suit in tort against the government, is a limited waiver of sovereign immunity. See United States v. Idaho, 508 U.S. 1, 5-9 (1993); United States v. Orleans, 425 U.S. 807, 813 (1976).

The consent of the United States to be sued cannot be implied, but must be unequivocally expressed. See United States v. Sherwood, 312 U.S. 584, 586 (1941). The Supreme Court has stated that, "[t]he Federal Tort Claims Act (FTCA) provides that 'an action shall not be instituted upon a claim against the United States for money damages unless the claimant has first exhausted his administrative remedies." McNeil v. United States, 508 U.S. 106, 107 (1993)(quoting 28 U.S.C. § 2675(a)). The FTCA, as a jurisdictional prerequisite, "bars claimants from bringing suit

in federal court until they have exhausted their administrative remedies." Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999).

"[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." Nero v. Cherokee Nations of Oklahoma, 892 F.2d 1457, 1463 (10th Cir. 1989). See also Industrial Constructors Corporation v. United States Bureau of Reclamation, 15 F.3d 963, 967 (10th Cir. 1994)("A tort claim against the United States is barred unless it is presented to the proper agency within two years of its accrual . . . ."). The FTCA "requires that claims for damages against the government be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Bradley v. United States, 951 F.2d 268, 270 (10th Cir. 1991)(internal quotations omitted).

The FTCA is a limited waiver of sovereign immunity, the submission of an administrative claim is a jurisdictional prerequisite, and the FTCA's notice requirements must be strictly construed. Id.; Pipkin v. United States Postal Service, 951 F.2d 272, 273-75 (10th Cir. 1991)(exhaustion of administrative claims is a jurisdictional prerequisite to asserting claims under the FTCA). Plaintiff bears the burden of proving that she timely filed an administrative claim and that her claim, therefore, falls within the scope of the FTCA's waiver of sovereign immunity. See Baird v. United States, 653 F.2d 437, 440 (10th Cir. 1981), cert. denied, 454 U.S. 1144 (1982); Kiehn v. United States, 984 F.2d 1100, 1105 n.7 (10th Cir. 1993) (plaintiff bears the burden of convincing the court that it has subject matter jurisdiction).

This Court lacks subject-matter jurisdiction over this action because plaintiff failed to exhaust her administrative remedies with the proper agency, in this case the Department of Health and Human Services. Meredith Torres, Senior Attorney with the Department of Health and

3

Human Services, Office of General Counsel, has testified under penalty of perjury that, after a thorough search of the Department of Health and Human Service's Claims Branch's database, no administrative claim by Plaintiff has been filed with that agency (Ex. 1, Ex. A).

Failure to comply with FTCA's administrative claim notice requirements may bar the claim forever, even in cases where the result may be perceived as harsh. <u>Bradley</u>, 951 F.2d at 271. "Congress intended to require complete exhaustion . . . before invocation of the judicial process." <u>McNeil</u>, 508 U.S. at 112. Plaintiff cannot meet her burden of proving that she filed an administrative claim as required by the FTCA. Thus, because she failed to first file an administrative claim, this action is premature, the Court lacks subject matter jurisdiction and this action should be dismissed.

## **CONCLUSION**

For the reasons stated herein, the Court should dismiss this action in its entirety.

    MARK F. GREEN
    United States Attorney


    S/ CHERYL R. TRIPLETT
    CHERYL R. TRIPLETT, O.B.A. 15282
    Assistant U. S. Attorney
    520 Denison
    Muskogee, OK 74401
    (918) 684-5111
    (918) 684-5130 - fax
    Cheryl.Triplett@usdoj.gov

## **CERTIFICATE OF SERVICE**

     I hereby certify that on August 19, 2015, I filed the foregoing pleading electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing:   Eddie Foraker, email: eforaker@stipelaw.com.

     Additionally, a true and exact copy of the foregoing was served by email to: Brendon Bridges, brendon.bridges@gmail.com and Anthony Hendricks, Anthony.hendricks@crowedunlevy.com.

                                      s/ Cheryl R. Triplett
                                      CHERYL R. TRIPLETT
                                      Assistant U.S. Attorney